UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 02-63(DSD/SRN)

CitiCapital Commercial Corporation, CitiCapital Business Credit Division, f/k/a Associates Commercial Corporation Transport Clearings Division,

Plaintiff,

v.

**ORDER**

United Transportation, Inc. a Georgia corporation, Carlton Claxton, an individual, and ABC Estate,

Defendants.

This matter is before the court upon defendants' objection to Magistrate Judge Susan R. Nelson's report and recommendation, dated July 24, 2002 [Docket No. 20]. In that report, the magistrate judge recommended that defendants' motion to dismiss for lack of personal jurisdiction or alternatively to change venue [Docket No. 10] be denied. After a de novo review of the record, the court adopts the magistrate judge's recommendation.

In particular, the court agrees with the magistrate judge's determination that the court has general jurisdiction over defendants. Based upon a review of all the relevant facts it is clear that defendants had sufficient minimum contacts with Minnesota, see, e.g., Burger King Corp. v. Rudzewick, 472 U.S. 462,

FILED 9-19-02
Richard D Sletten, CLERK
Judgment Ent'd. ________
Deputy Clerk's Initials ______

472 (1985), and their contacts were systematic, substantial and continuous, Zumbro, Inc. v. California Natural Prods., 861 F. Supp. 773, 778 (D. Minn. 1994). Additionally, as the magistrate judge correctly found, the court has specific jurisdiction over defendants. This litigation arises as a direct result of the business contacts between defendants and plaintiffs. Id. Further, transfer of venue is improper under these circumstances because transfer of venue merely would shift inconvenience from one party to the other. See Nelson v. Bekins Van Lines Co., 747 F. Supp. 532 (D. Minn. 1990)(stating that transfer of venue is inappropriate where it merely would shift inconvenience from one party to another).

Contrary to defendants' assertions, the report accurately portrayed the facts leading to the contract formation between the parties, (Report and Recommendation at 7, 9-10), differentiated between the defendants (Report and Recommendation 11-12, 14), accurately described the facts relating to defendant Carlton Claxton, (Report and Recommendation at 12), and acknowledged that defending the action in Minnesota would cause some hardship to United's business, (Report and Recommendation at 13). Accordingly, after conducting a de novo review of the file and record, the court adopts the magistrate judge's report and recommendation in its entirety.

Therefore, **IT IS HEREBY ORDERED** that defendant's motion to dismiss for lack of personal jurisdiction or alternatively to change venue [Docket No. 10] is denied.

Dated: September 19, 2002

David S. Doty, Judge
United States District Court